UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LATRELL GIVENS,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE, Warden,<br><br>    Respondent. | Case No.: 1:23-cv-00954-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

    Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on June 26, 2023, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

I.    **PRELIMINARY REVIEW**

    Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II. BACKGROUND

On April 7, 2020, Givens filed a "motion to reduce sentence" in the United States District Court for the Northern District of Iowa (the "sentencing court"). See United States v. Givens, 2020 WL 1865855 (N.D. Iowa 2020). The sentencing court set forth the following procedural background in an April 27, 2020, Memorandum, Opinion, and Order:

> On October 3, 2012, a grand jury returned a two-count Indictment (docket no. 2), charging Givens with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possessing crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. On May 22, 2013, a jury found him guilty of both counts. (docket no. 83). On July 29, 2013, the court sentenced Givens to 262 months' imprisonment. (docket nos. 132, 133). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals. United States v. Givens, 763 F.3d 987, 988 (8th Cir. 2014). A petition for writ of certiorari was denied by the Supreme Court on March 12, 2015. See Givens v. United States, 135 S. Ct. 1520 (2015). Givens then filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the court on May 10, 2016. (C16-0005-LRR, docket no. 10). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals on July 3, 2017. (C16-0005-LRR, docket no. 22). While that case was pending, Givens filed a second motion pursuant to 28 U.S.C. § 2255 on May 19, 2016. (C16-0096-LRR, docket no. 1). The court denied that motion on March 8, 2017. (C16-0096-LRR, docket no. 5). Givens then filed a third motion pursuant to 28 U.S.C. § 2255, without leave of the Eighth Circuit Court of Appeals, on July 25, 2017. (C17-0085-LRR, docket no. 1). The court denied that motion on August 8, 2017. (C17-0085-LRR, docket no. 3). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals on December 13, 2017. (C17-0085-LRR, docket no. 9). Givens filed a fourth 28 U.S.C. § 2255 motion, again without leave, on July 2, 2018. (C18-0068-LRR, docket no. 1). The court denied that motion, and Givens filed another futile appeal. (C18-0068-LRR, docket no. 18). While that case was pending, Givens filed a motion pursuant to 28 U.S.C. § 2241, which was denied in the district in which he was incarcerated. Givens v. United States, No. 4:18-CV-993, 2018 WL 2718039, at *1 (M.D. Pa. June 6, 2018). Both during and after the pendency of the cases listed above, Givens filed several motions to reduce his sentence, motions to reconsider, and appeals, which were each denied. (See e.g. docket nos.183, 187, 189, 191, 197).
>
> In the present motion (docket no. 198), Givens cites 18 U.S.C. § 3742 (the statute that gives criminal defendants the right to appeal criminal sentences generally) and argues that his sentence is unconstitutional. However, Givens cites no law that would give the court authority to reexamine his sentence seven years after it was imposed. Rather, the type of argument Givens is attempting to make can only be made in the context of a properly brought 28 U.S.C. § 2255 motion. To file such a motion, Givens would need, first, to get permission from the Eighth Circuit Court of Appeals. See 28 U.S.C. 2255(h). Givens has been told about the requirements of § 2255(h) repeatedly in the cases cited above. Accordingly, his motion (docket no. 198) is denied.

> Additionally, Givens is put on notice that the court will not tolerate any further frivolous motions or cases filed by him. If Givens files any additional motions or cases that the court deems frivolous, he will be required to show cause why he should not be sanctioned. See United States v. Akers, 561 F. App'x 769, 771 (10th Cir. 2014) (unpublished), stating:
>
>> Federal courts have the inherent power and discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). There is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Landrith v. Schmidt, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted). "Concomitant with the restrictions available to the district court, however, there must be some guidelines as to what [the restricted party] must do to obtain the court's permission to file an action." Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989). And the party who faces restrictions "is entitled to notice and an opportunity to oppose the court's order before it is instituted." Id.
>
> Sanctions may include monetary penalties and restrictions on filings.

Givens, 2020 WL 1865855, at *1-2.

On June 3, 2020, Petitioner filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania seeking a sentence reduction and release pursuant to the First Step Act of 2018. See Givens v. Spalding, 2020 WL 4015470 (M.D. Pa. 2020). On July 15, 2020, the petition was dismissed for lack of jurisdiction. Id. Specifically, the court determined that Petitioner failed to satisfy his burden of demonstrating § 2255 to be inadequate or ineffective to challenge the legality of his detention so as to permit him to pass through the savings clause of § 2255(e). Id., at *3.

On June 26, 2023, Petitioner filed the instant habeas petition in this Court. He again challenges his conviction and sentence. Petitioner contends that he is actually innocent of his §§ 841 and 922(g) convictions in light of the Supreme Court's interpretations of statutory law in Ruan v. United States, 142 S.Ct. 2370 (2022), and Rehaif v. United States, 139 S.Ct. 2191 (2019).

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. ___, ___, S.Ct. ___, 2023 WL 4110233, at *3 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court

has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 2023 WL 4110233, at *3; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 2023 WL 4110233, at *4; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 2023 WL 4110233, at *8. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 2023 WL 4110233, at *4 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). Until recently, circuit courts were split on whether a prisoner could resort to § 2241 via the savings clause when an intervening decision of statutory interpretation was otherwise barred under § 2255(h). In the Ninth Circuit, § 2255 constituted an "inadequate and ineffective" remedy, and thus the petitioner could proceed under § 2241, when the petitioner: (1) made a claim of actual innocence; and, (2) had never had an 'unobstructed procedural shot' at presenting the claim. Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.

The Supreme Court recently issued its opinion in Jones v. Hendrix and resolved the circuit split. 2023 WL 4110233. In Jones, the Supreme Court held "that § 2255(e)'s saving clause does not

permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id., at *5. The Supreme Court noted that § 2255(h) limited second or successive § 2255 motions to those that contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id., *7 (quoting 28 U.S.C. § 2255(h)).  As to those challenges that fall outside of § 2255(h), the Supreme Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Jones, 2023 WL 4110233, at *9.  Thus, following Jones, claims of error based on an intervening change in statutory interpretation may not be brought under § 2241.

Here, Petitioner contends that, in light of recent intervening statutory interpretations by the Supreme Court in Ruan and Rehaif, he is entitled to habeas relief because the government failed to prove the *mens rea* component of his §§ 841 and 922 convictions.  Such a claim is now foreclosed by the Supreme Court's decision in Jones.  The Court finds it lacks jurisdiction under § 2241 and will recommend the petition be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 30, 2023**                  /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE